UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60805-CIV-UNGARO

MARK ANTHONY MIGNOTT,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent.
_____/

## ORDER ON MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court upon Movant Mignott's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Prisoner in Federal Custody, filed May 29, 2009. (D.E. 1.) The matter was referred to Magistrate Judge Andrea M. Simonton, who, on May 3, 2010, issued a Report recommending that the Motion be denied. (D.E. 8.)

THE COURT has reviewed the record as a whole and is otherwise fully advised in the premises.

By way of background, the Movant ("Mignott") was sentenced to a term of 90 months' imprisonment and to pay restitution in the amount of $8,043,729.35 after pleading guilty to five counts of a three hundred twenty-four count indictment charging various Medicare fraud offenses. In his Motion, he contends that his sentence should be vacated and that he should be resentenced based on the holding of *United States v. Santos*, 553 U.S. 507 (2008), in which a plurality of the Court held that the term "proceeds" in the federal money-laundering statute, 18 U.S.C. § 1956(a)(1) means "profits," not "receipts." Mignott argues that he is actually innocent of Count 216, to which he pleaded guilty, because there was no evidence that the proceeds of the

underlying criminal activity were profits rather than gross receipts. He further argues that his plea was not intelligently made because he did not know that the Government had to prove that the proceeds were profits. Mignott also implies that he received ineffective assistance of counsel due to counsel's failure to inform him of this requirement.

In her Report, the Magistrate Judge recommends that Mignott's Motion be denied. The Court of Appeals for the Eleventh Circuit has examined the significance of the holding in *Santos* and has strictly limited its effect to cases involving illegal gambling operations, which were at issue in *Santos*. *United States v. Jennings*, 599 F.3d 1241, 1252 (11th Cir. 2010); *United States v. Demarest*, 570 F.3d 1232 (11th Cir. 2009). The Court of Appeals has made clear that the holding in *Santos* does not apply to money laundering cases where the underlying criminal activity is fraud, the activity underlying Mignott's conviction. *Jennings*, 599 F.3d 1241.

The parties were afforded the opportunity to file objections to the Magistrate Judge's Report; however, no objections were filed. Accordingly, having conducted a *de novo* review of the record and being otherwise fully advised in the premises, it is hereby,

ORDERED AND ADJUDGED that the Magistrate Judge's Report (D.E. 8) is RATIFIED, AFFIRMED AND ADOPTED. Mignott's Motion to Vacate, Set Aside, or Correct Sentence (D.E. 1) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of May, 2010.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of record: